**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00445-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge D. Thomas Ferraro, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On March 30, 2022, Magistrate Judge Ferraro issued a Report and Recommendation (R&R). (Doc. 29.) He recommends that the Court vacate the decision of the Social Security Commissioner (Commissioner) and remand for further proceedings because the ALJ failed to provide sufficient explanation to allow judicial review of the decision. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and vacates the Commissioner's decision and remands the case for further proceedings and the creation of a record which affords review.

Plaintiff, Bruce Johnson (Johnson,) brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Commissioner finding he was not disabled and denying his claim for Supplemental Security Income based on bilateral shoulder arthritis, torn right rotator cuff, lower back issues, nerve damage, no calf muscle in left leg, numbness in left leg, anxiety, residual headaches, memory loss, and PTSD.

In the R&R, the Magistrate Judge considered two issues. First, Johnson argued that the ALJ improperly found he performed his self-employment to substantial gainful activity (SGA) levels, rendering it past relevant work (PRW), upon which the ALJ based his disability determination. Second, he argued in the alternative, that the Vocational Expert's (VE's) testimony was unreliable as to the requirements from his past relevant work for reaching and, therefore, the ALJ erred in relying on the VE testimony to deny his claim.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written

objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the R&R.

OBJECTIONS

In this case, the Plaintiff owned a limousine business, made the key decisions, and assisted with its weekly operations by compiling receipts and going to the bank. According to the Defendant, the ALJ reasonably found that Plaintiff's ownership and involvement in a limousine business constituted SGA under agency regulations While the Defendant admits the ALJ could have articulated his finding in greater detail, "he made the appropriate findings at step four of the sequential evaluation." (Obj. (Doc. 31) at 1-2) "Thus, under the highly deferential substantial evidence standard of review, this Court should affirm." *Id.* at 1. The Defendant argues that if there was error it was harmless. *Id.* at 2 (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless" and "'the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination'") (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

The Magistrate Judge concluded that the ALJ failed to make a sufficient record from which this Court may consider whether Plaintiff's past work was SGA and that this error was harmful. (R&R (Doc. 29) at 7-8.) The Court rejects the Defendant's assertion that if there was error it was harmless because as the Magistrate Judge explained the SGA determination by the ALJ was the basis for denying benefits. (describing the SGA decision as "'not inconsequential to the ultimate nondisabiity determination'" (R&R (Doc.29) at 8 (quoting *Ford v. Saul,* 950 F.3d 1141, 1154 (9t Cir. 2020)). "[I]f this past work was not substantial gainful activity, then Johnson would not have past work that he could perform." (R&R (Doc.29) at 8.)

Likewise, the Court rejects the Defendant's argument that even if the ALJ's decision did not reflect it, there was ample evidence in the record showing that Plaintiff's work did in fact constitute SGA under agency regulations, therefore, any error was harmless. (Obj. (Doc. 30) at 2.)

The Court agrees substantively with the Magistrate Judge's conclusion that the ALJ failed to make a sufficient record to review his decision, especially his finding that the Plaintiff's self-employment constituted SGA for the purpose of determining disability.

The Defendant refers the Court to the record, as follows:

> Plaintiff stated that he was the owner of a limousine business from 1989 to 2012 or 2013 (AR 192, 209). He noted that he worked at this job eight hours per day, five days per week, and made $40,000 per year (AR 193, 194, 210). Elsewhere Plaintiff described his work as answering phones, cleaning limos, driving, and supervising drivers (among other duties), and working up to 12 hours per day, 6 days per week (AR 210). As the owner of the business, he hired a day-to-day manager (AR 211). Plaintiff testified that he had a full-time manager to run his business, and that he had only driven limos up until about 1999 (AR 33-34). Plaintiff said that he handled the receipts, delivered money to the bank each week, and placed paperwork in a file for his accountant (AR 34-35). Once a year he would organize the receipts for his accountant (AR 35, 41). Plaintiff also testified that he handled the money and large business decisions, such as selling the inventory ("put the cars for sale"), approving expenditures, and dissolving the company (AR 31, 43). He estimated that he netted about $1,000 a month in income from his business in 2008 (AR 32).

(Obj. Doc. 30) at 2-3.)

The above proposed work history is nondescript as to the relevant time period it reflects. "Because the decision was issued on October 31, 2019, the ALJ could only consider work history after 2004, after Johnson had limited his role in the limousine company." (R&R (Doc. 29) at 7.) *Compare* (R&R (Doc. 29) at 2-4 (describing work history chronologically, reflecting time after he could no longer drive the vehicles when he had hired a full-time manager and only worked three to four hours a week managing the financial end of the business).

The ALJ did not make any record of the evidence he relied on to support his conclusion. He simply "labeled Johnson's previous work for his limousine company as accounting clerk (small business proprietor) and stated it 'was substantial gainful activity, [] performed long enough for [Johnson] to achieve average performance, and was performed within the relevant period.'" (R&R (Doc. 29) at 7.) Given the disparity between Plaintiff's work history over time which became less and less substantial after 2004, this Court cannot, as the Defendant suggests, simply find that the record supports the ALJ's conclusion that the Plaintiff's previous work was SGA.

The SGA determination is for those, who like the Plaintiff, are self-employed, and it factors into the disability determination. (R&R (Doc. 29) at 10-11.) "A person is disabled if their 'physical or mental impairment or impairments are of such severity' that they are unable to do both their previous work and, considering their 'age, education, and work experience, engage in any other kind of substantial gainful work . . ..'" R&R (Doc. 29) at 4-5.) For the self-employed, the ALJ applies a three-prong test to the petitioner's previous work, which if any prong is met means their previous work equals SGA. Then, the ALJ considers the applicant's previous work and whether he is able to perform to determine disability.

The ALJ failed to identify which of the three-test prongs were met in this case, but the Defendant argues under any of the three prongs, the Plaintiff's previous work was SGA. Therefore, because Plaintiff could do his previous work as he had done it, he was not disabled. This argument reflects the importance of getting the Plaintiff's work history right. The failure of the ALJ to identify the relevant work history for the relevant period of time make it impossible for this Court to assess the merits of the ALJ's SGA determination upon which he based his denial of Plaintiff's disability claim.

The Court finds that Magistrate Judge Ferraro issued a well-reasoned R&R, which explains why this matter should be remanded for the ALJ to issue a decision based on a record that is sufficient for judicial review.

## CONCLUSION

After de novo review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for reviewing the Commissioner's determination that the Plaintiff was not disabled. The Court adopts it, and for the reasons stated in the R&R, the Court remands the matter for further consideration by the ALJ of whether Plaintiff's previous employment is substantial

/////

/////

/////

gainful activity, and to support this and all other future findings with a sufficient record to afford judicial review.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 29) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** vacating the Commissioner's final decision and remanding this matter for proceedings consistent with this Order and the R&R.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly, and close this case.

Dated this 17th day of May, 2022.

Honorable David C. Bury
United States District Judge